**CAMPBELL, Ex parte.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23147. Decided March 31, 1954.

392

J. B. White, Cleveland, for petitioner.
B. J. Conway, Police Pros., Cleveland, for defendant.

## OPINION

Per CURIAM:

Petitioner, by this original action in habeas corpus, seeks an order to be admitted to reasonable bail. He is now confined in county jail in default of bail fixed by the Municipal Court of Cleveland in the sum of $2000.00 on a charge of larceny by trick (petit). The maximum penalty for this offense is a fine of $200.00 and imprisonment for ninety days.

The trial judge gave testimony in this hearing to the effect that the accused did not make a demand for a jury trial when first arraigned, such demand being made when the case was called for trial on the date to which it had been continued, and that the bail of $1000.00 which had been set upon arraignment was then increased to $2000.00. The trial judge further testified that this action was in pursuance of a policy adopted by the trial judge to prevent "exploitation of the court" and inconvenience of officers and other witnesses who were thereby obliged to appear again and again before a particular case would ultimately be tried, and further that frequently when a case was ready for trial by jury, the defendant would then waive a jury and plead guilty or elect to go to trial before another judge of the same court; that such tactics were employed frequently by attorneys practicing in criminal cases before the Municipal Court. For all of these reasons, and to discourage such procedure, the trial court adopted a policy of doubling the amount of bond when a demand for

a jury trial was made under such circumstances and at a time subsequent to his arraignment.

It was this practice and procedure of the court which counsel for petitioner argued was an infringement of petitioner's constitutional right to be admitted to reasonable bail.

The prosecutor in defending the increase in bail, presented evidence showing the defendant's police record taken from the files of the Cleveland Police Department, as follows:

"The Cleveland Police Department.

Date: 3-9-54
Name: Larry Campbell      Present Address: 8219 Central Ave.
        *              *              *              *

Previous Offense Data:

1. 2 traffic arrests.
2. 3 Invest. Waivers
3. Grand Larceny 7-28-52      Turned over to Fed. Auths.
4. Robbery 7-23-53            No Bill."

It will be noted from the foregoing record that one charge, namely, that of Grand Larceny, does not show any final disposition, the accused having been turned over to the Federal Authorities.

While this record would not be a proper subject of evidence on the trial of the case, we are of the opinion that the court may examine the same and consider it together with other factors when fixing bail.

Stripping the case of all extraneous issues there is a single question presented for our determination as to whether under the facts and circumstances here presented a bail of $2000.00 required of defendant upon the last hearing is reasonable.

No motion was made before the trial court for a reconsideration of the increase in bail or to permit the taking of testimony as to its reasonableness.

**Art. I, Sec. 9 of the Constitution of Ohio,** and the VIIIth Amendment to the Constitution of the United States, provide that "Excessive bail shall not be required."

At the outset we are confronted with a procedural question.

In the case of **In re Polizzi, 61 Oh Ap 354,** the first paragraph of the syllabus reads:

"An application made to appellate court for writ of habeas corpus will be denied in the absence of a record and a showing that all remedies available in the trial court have been exhausted."

The Polizzi case has never been reversed or modified and is applicable to the facts of the instant case. The petitioner having failed to show exhaustion of remedies in the trial court, we are obliged to deny the writ on this ground alone.

In the case of **In re Lonardo, 86 Oh Ap 289,** the court had before it for consideration the question of reasonable bail on charges where the petitioners were charged with being suspicious persons in violation of the ordinances of the City of Cleveland. In that case, although a misdemeanor was charged, reasonable bail was fixed at $15,000.00. The third syllabus reads as follows:

"3. The primary purpose of bail is to secure the appearance of the accused at the trial. In determining the amount of bail, the following factors, among others, may be considered: The nature of the offense, the penalty upon conviction thereof, the character and reputation of the accused, including his criminal record, if any, and the probability of his appearance for trial."

Applying the rule of the Lonardo case, we cannot say, in view of the nature of the offense, the penalty upon conviction, the police record of the defendant herein, and other factors involved, that a bail in the sum of $2000.00 is excessive. For this further reason the writ must be denied.

While we appreciate the difficulties recited by the trial judge in attempting to regulate orderly procedures in the criminal branch of the Municipal Court, we are unable to approve any rule of thumb method of fixing bond that is not in accord with constitutional guarantees and based entirely upon the facts and circumstances of the particular case, taking into consideration the purpose of bail and the factors entering into the determination of amount as set forth in syllabus 3 of the case of In re Lonardo, supra.

The right to reasonable bail is constitutional, and each case must be judged on its merits. A method or plan whereby bail is doubled is not a proper criterion for fixing bail. The principles of law and constitutional provision must, at all times, be observed.

In conclusion, we are obliged to state that whatever may have been the reasons for increasing the bond in this case, we are unable to say from all the facts and circumstances, and the crime charged, that bail in the sum of $2000.00 is unreasonable or excessive and we must further say that until remedies are exhausted in the trial court in accordance with the principles of In re Polizzi, supra, this court is without jurisdiction to grant a writ of habeas corpus.

Writ denied. Exc. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.